# IN THE COURT OF APPEALS OF IOWA

No. 15-1956
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFREY R. FLOWERS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

The defendant appeals challenging the voluntary and intelligent nature of his guilty pleas. **AFFIRMED.**

Jennifer Bonzer of Johnson & Bonzer, PLC, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Jeffrey Flowers appeals the judgment entered after he pled guilty to first-degree theft, second-degree theft, and two counts of driving while barred as a habitual offender. He contends his trial counsel was ineffective in failing to file a motion in arrest of judgment to challenge the adequacy of the trial court's plea colloquy. Specifically, Flowers complains the court failed to ascertain that he understood the rights he was waiving by pleading guilty and the charges to which he was pleading. Because the plea colloquy was not constitutionally deficient, Flowers has failed to show counsel was ineffective, and we affirm.

### I. Scope and Standard of Review.

"We review claims of ineffective assistance of counsel de novo." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To succeed on his ineffective-assistance claim, Flowers must show counsel failed to perform an essential duty and prejudice resulted. *See State v. Ary*, ___ N.W.2d ___, ___, 2016 WL 1391878, at *15 (Iowa 2016). Generally, we preserve ineffective-assistance-of-counsel claims for postconviction proceedings "unless there is a satisfactory record upon which to draw a conclusion." *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). The record here is sufficient.

### II. Waiver of Rights.

Flowers claims his plea was not voluntary and intelligent due to deficiencies in the plea colloquy.[1] "In order to ensure a guilty plea is voluntarily

---

[1] Although Flowers's failure to file a motion in arrest of judgment would ordinarily bar a direct appeal of his conviction, we may address the claim that his trial counsel was ineffective in failing to file a motion in arrest of judgment to challenge his pleas based on a deficient plea colloquy. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting

and intelligently made, the court must articulate the consequences of the plea to the defendant." *Straw*, 709 N.W.2d at 133*.* That court must apprise a defendant of the rights being waived by pleading guilty and "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands," the waiver of those rights. Iowa R. Crim. P. 2.8(2)(b). Here, Flowers complains the court engaged in "a long recitation of [his] rights as laid out in rule 2.8(2)(b)," which was presented "more as a lecture and made no attempt to ascertain whether [his] giving up of said rights was knowing, voluntary[,] and intelligent." However, Flowers concedes the "court talked about all of the rights in [r]ule 2.8(2)(b)." His argument instead focuses solely on whether the court ascertained he understood the rights he was waiving and was doing so voluntarily, noting he did not have any education beyond eighth grade and had not obtained his GED.

On the record before us, it is crystal clear Flowers understood the rights he was waiving and did so voluntarily and intelligently. Flowers indicated he understood on several occasions during that part of the plea colloquy related to the rights he was waiving. Additionally, a reading of the colloquy leaves no doubt that Flower's decision to plead guilty was his and his alone. Furthermore, at the end of the plea colloquy, the following exchange occurred:

> THE COURT: [After explaining the minimum and maximum sentences possible], does that put a knot in your gut?
> [FLOWERS]: A little bit.
> THE COURT: All right. Well, and I don't—and I don't intend to torture you or to be mean to you.

---

the failure to file a motion in arrest of judgment does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel).

[FLOWERS]: Yeah.

THE COURT: But that response suggests to me that at least you understand how serious this is.

[FLOWERS]: I understand.

THE COURT: All right. And understanding that, are you clear that you want to go forward on this?

[FLOWERS]: Yes.

THE COURT: And when I say go forward, you want to enter a plea of guilty.

[FLOWERS]: Yes, I do.

THE COURT: Is that a yes?

[FLOWERS]: Yes.

THE COURT: Has anyone made any threat against you or tried to intimidate you in any way in order to enter a plea of guilty?

[FLOWERS]: No.

THE COURT: In any of these four cases?

[FLOWERS]: No.

THE COURT: Has anyone made any promises or guarantees regarding what the sentence will actually be?

[FLOWERS]: No.

THE COURT: Mr. Flowers, have there been any surprises for you during the course of this hearing?

[FLOWERS]: No.

THE COURT: Have things gone pretty much as [your attorney] predicted?

[FLOWERS]: Yes.

THE COURT: Earlier you told me that you were satisfied with [your attorney]'s work on your behalf. Does that remain the case?

[FLOWERS]: Yes, it does.

After both Flowers's attorney and the prosecutor agreed the court had complied with the requirements of rule 2.8(2)(b), the court asked Flowers how he wished to plead after giving him one more chance to change his mind:

Mr. Flowers, I'm going to go through these one at a time. It's just—I want to emphasize we're dealing with four separate cases, four separate pleas, and as I said to you earlier, consider carefully what you're going to do. Right now you can say, Judge—and you can say it as to all four. You can say it as to three. You can say it as to one. It's entirely up to you. But you're still at the point where you can say, Judge, I want a trial.

Flowers replied, "All right," and proceeded to plead guilty to each charge he was facing. Because the court fulfilled its duty of ascertaining that Flowers's guilty pleas were knowingly, intelligently, and voluntarily made, his counsel had no duty to file a motion in arrest of judgment challenging the plea colloquy. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection.").

### III. Nature of Charges.

Flowers notes that the court initially explained the theft charges under the wrong theory before realizing its mistake and clarifying the charges, and he claims this rendered the plea proceedings "confusing." Our review of the record shows Flowers had no difficulty providing a factual basis for his theft pleas when asked to do so. Before the trial court corrected its mistake, it asked Flowers what he had done to commit first-degree theft, and Flowers replied that he "bought a motorcycle . . . knowing it was stolen." He acknowledged the motorcycle was worth more than $10,000 and the person he bought it from told him it was stolen. The court then realized it explained the theft charges under the wrong theory, and the following exchange occurred:

> THE COURT: All right. So that's a little different from the definition of theft that I gave you early on.
> [FLOWERS]: Right.
> THE COURT: When you take possession of stolen property knowing it to be stolen, that's also theft. It's a different definition.
> [FLOWERS]: Right. And that's what I did.
> THE COURT: So what I told you the State would have to prove in 87006 wasn't quite accurate.
> [FLOWERS]: Right.
> THE COURT: But they'd have to prove that it was stolen. They'd have to prove you knew it was stolen. They'd have to prove that you took it with the intention to keep it, not with the intention to give it back to the rightful owner.

[FLOWERS]: I understand that.

The court then asked Flowers what he had done to commit second-degree theft, and Flowers answered, "I took possession of a pickup . . . knowing it was stolen." He further stated the pickup was an operable motor vehicle worth around $2000. The court clarified: "And, again, the definition that I gave you initially wasn't quite right for this. In this case if they can prove it was a motor vehicle . . . then they get to theft in the second without regard to value. Do you understand that?" Flowers answered, "Yes, I do." The record shows the court adequately explained, and Flowers understood, the nature of the charges to which he pled guilty. Counsel had no duty to file a motion in arrest of judgment on this basis.

Because Flowers has not proved counsel was ineffective in failing to file a motion in arrest of judgment, we affirm.

**AFFIRMED.**